THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR LEGAL ADVISE ON THE STATE REGENTS' POWERS TO REGULATE AND MONITOR THE FUNCTIONAL NAME CHANGE OF AN INSTITUTION WITHIN THE STATE SYSTEM FOR HIGHER EDUCATION.
THE CONFERENCE HAS REVIEWED YOUR QUESTIONS AND HAS CONCLUDED THAT THE ANSWER TO THESE QUESTIONS INVOLVE ISSUES OF FACT WHICH CANNOT BE ISOLATED FROM THE QUESTIONS OF LAW. BECAUSE IN SUCH MATTERS, THERE IS NO LAWFUL WAY FOR THE ATTORNEY GENERAL TO OBTAIN AND CONSIDER FACTS AS EVIDENCE, AN ATTORNEY GENERAL OPINION CANNOT ADEQUATELY RESOLVE THESE ISSUES.
WE HAVE SINCE DISCUSSED THIS MATTER AND I ADVISED YOU THAT I WILL RESPOND TO THESE ISSUES IN AN INFORMAL LETTER. THE VIEWS EXPRESSED HEREIN ARE, THEREFORE, STRICTLY THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND DO NOT IN ANY WAY REFLECT THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
ARTICLE XIIIA, SECTION 2 OF THE OKLAHOMA CONSTITUTION ESTABLISHES THE STATE REGENTS AS THE CO-ORDINATING BOARD OF CONTROL AND SPECIFIES ITS POWERS AND DUTIES. THE PLAIN, UNAMBIGUOUS LANGUAGE OF THIS SECTION GIVES THE STATE REGENTS THE SOLE AUTHORITY TO DETERMINE THE FUNCTION AND MISSION OF AN INSTITUTION WITHIN THE STATE SYSTEM OF HIGHER EDUCATION.1 SECTION 2 PROVIDES IN RELEVANT PART:
 ALL REFERENCE TO INSTITUTIONS IN THIS LETTER WILL BE TO INSTITUTIONS WITHIN THE STATE SYSTEM OF HIGHER EDUCATION.
"THERE IS HEREBY ESTABLISHED THE OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION . . . THE REGENTS SHALL CONSTITUTE A COORDINATING BOARD OF CONTROL FOR ALL STATE INSTITUTIONS DESCRIBED IN SECTION 1 HEREOF, WITH THE FOLLOWING SPECIFIC POWERS: (1) IT SHALL PRESCRIBE STANDARDS OF HIGHER EDUCATION APPLICABLE TO EACH INSTITUTION; (2) IT SHALL DETERMINE THE FUNCTIONS AND COURSES OF STUDY OF EACH OF THE INSTITUTIONS TO CONFORM TO THE STANDARDS PRESCRIBED; . . ." (EMPHASIS ADDED)"
ARTICLE XIIIA, SECTION 1 OF THE CONSTITUTION REFERRED TO IN SECTION 2 PROVIDES AS FOLLOWS:
 "ALL INSTITUTIONS OF HIGHER EDUCATION SUPPORTED IN WHOLE OR IN PART BY DIRECT LEGISLATIVE APPROPRIATIONS SHALL BE INTEGRAL PARTS OF THE UNIFIED SYSTEM TO BE KNOWN AS THE OKLAHOMA SYSTEM OF HIGHER EDUCATION." (EMPHASIS ADDED)"
THE STATE REGENTS' AUTHORITY TO DETERMINE THE FUNCTION OR TO CHANGE THE FUNCTION OF AN INSTITUTION HAS BEEN UPHELD BY THE OKLAHOMA SUPREME COURT AGAINST CONSTITUTIONAL CHALLENGE. BOARD OF REGENTS FOR OKL. A M COLLEGES V. OKL. STATE REGENTS FOR HIGHER EDUCATION, 497 P.2D 1062, 1069 (OKLA. 1972).
THE POWER TO NAME AN INSTITUTION OR THE AUTHORITY TO CHANGE THE INSTITUTION'S NAME IS NOT VESTED BY THE CONSTITUTION OR BY STATUTE IN ANY DEPARTMENT, BOARD OR COMMISSION OF THE STATE. EXCEPT FOR THE COMPREHENSIVE UNIVERSITIES WHICH WERE NAMED IN THE CONSTITUTION, THE LEGISLATURE HAS TRADITIONALLY EXERCISED ITS AUTHORITY TO NAME THE OTHER INSTITUTIONS AND TO CHANGE THEIR NAMES FROM TIME TO TIME. BOARD OF REGENTS FOR OKL. A M COLLEGES V. OKL. STATE REGENTS, SUPRA, 497 P.2D 1062. 1067.
IN THE BOARD OF REGENTS CASE THE LEGISLATIVE NAME CHANGE OF MURRAY STATE COLLEGE WAS PRECEDED BY AN ACTUAL CHANGE IN FUNCTION AT THE DIRECTION OF THE STATE REGENTS. THE OKLAHOMA SUPREME COURT IN THAT CASE HELD THAT THE STATES REGENTS' AUTHORITY TO MAKE THE CHANGE IN THE FUNCTION OF THE COLLEGE WAS THE CONDITION PRECEDENT TO OTHER CHANGES SUCH AS THE NAME CHANGE AND THE CREATION OF A NEW BOARD BY THE LEGISLATURE.
IN LIGHT OF THE BOARD OF REGENTS CASE THE ANSWER TO YOUR FIRST QUESTION DEPENDS ON WHETHER THE NAME CHANGE WAS FUNCTIONAL AND THEREFORE MATERIAL. WHAT IS MATERIAL OR FUNCTIONAL WILL BE A QUESTION OF FACT. ITS RESOLUTION WOULD, THEREFORE, DEPEND ON THE PARTICULAR SET OF CIRCUMSTANCES AT ISSUE AND THE EVIDENCE PRESENTED TO THE TRIER OF FACTS.
FOR EXAMPLE, A FUNCTIONAL NAME CHANGE MAY AFFECT THE PUBLIC PERCEPTION OF THE INSTITUTION'S MISSION OR ROLE IN HIGHER EDUCATION. SUCH CHANGE IN PERCEPTION MAY MATERIALLY AFFECT ENROLLMENT, COURSES AND THE BUDGET OF THAT INSTITUTION. THE STATE REGENTS HAVE THE SOLE AUTHORITY TO DETERMINE FUNCTION, COURSE OF STUDY AND BUDGET ALLOCATIONS FOR INSTITUTIONS IN THE STATE SYSTEM OF HIGHER EDUCATION. ARTICLE XIII-A 2, OKLA. CONST. THIS TYPE OF CHANGE, IN THE CONTEXT OF THE BOARD OF REGENTS CASE, WOULD REQUIRE THE STATE REGENTS' APPROVAL. USING THE SAME RATIONALE, A NAME CHANGE THAT DOES NOT AFFECT THE FUNCTION OR MISSION OF THE INSTITUTION SHOULD NOT REQUIRE THE STATE REGENTS' APPROVAL.
YOUR SECOND QUESTION ASKS IF THE GOVERNING BOARD OF AN INSTITUTION MAY UNILATERALLY CHANGE THE NAME OF THE INSTITUTION OR ITS BRANCH CAMPUS WITHOUT REFERENCE TO ITS FUNCTION AND AS DETERMINED OR AS MAY BE DETERMINED BY THE STATE REGENTS. THERE IS NO STATUTORY OR CONSTITUTIONAL PROVISION CONFERRING AUTHORITY ON A GOVERNING BOARD OF REGENT TO CHANGE THE NAME OF ITS INSTITUTIONS OR THEIR BRANCH CAMPUSES. AS STATED PREVIOUSLY THE LEGISLATURE ALONE HAS TRADITIONALLY EXERCISED THIS AUTHORITY. ONCE AGAIN, WHETHER OR NOT THE NAME CHANGE AFFECTS THE FUNCTION OF THE INSTITUTION OR ITS BRANCH WOULD DETERMINE THE VALIDITY OF THE CHANGE AND THE NEED FOR ITS APPROVAL BY THE STATE REGENTS. THE STATE REGENTS' POLICY AND PROCEDURE MANUAL, PART II-2-31 PROVIDES FOR A SIMILAR CRITERIA FOR APPROVAL OF NAME CHANGES.
TO SUMMARIZE, A FUNCTIONAL NAME CHANGE WOULD NECESSARILY REQUIRE THE APPROVAL OF THE STATE REGENTS. CONVERSELY, A CHANGE IN NAME THAT DOES NOT MATERIALLY AFFECT THE COURSES TAUGHT OR THE LEVEL OF THOSE COURSES, SHOULD NOT REQUIRE THE STATE REGENTS' APPROVAL AS IT WILL NOT INVOLVE ANY OF THEIR MAJOR RESPONSIBILITIES. IF I MAY BE OF ANY FURTHER ASSISTANCE PLEASE CONTACT EITHER NED BASTOW OR ME.
(YASODHARA M. MOHANTY)